*283 OPINION OF THE COURT
Memorandum.
In this action to recover the balance due under an installment loan, the parties entered into a stipulation consenting to the entry of judgment and providing that defendants were to pay weekly installments of $35 for one month commencing on March 30, 1992 and thereafter monthly installments of $200 commencing on April 30,1992. The stipulation further provided that six weeks following the first monthly installment, the payments were to be renegotiated. The stipulation indicated that the plaintiff would take no action to enforce the money judgment as long as the payments were made in accordance with the schedule. The defendants continued to make monthly installments of $200 for four years until they defaulted and apparently never attempted to renegotiate the payments pursuant to the stipulation. When defendants defaulted, the plaintiff issued an income execution. Thereafter, the defendants moved to vacate the judgment and the income execution. The motion was granted to the extent of vacating the income execution and staying the plaintiff from taking any further action to enforce the judgment.
We cannot agree with the lower court’s analysis that inasmuch as no renegotiation of payments ensued, the plaintiff is barred under the terms of the agreement from enforcing the judgment. It was uncontroverted that the parties engaged in a course of conduct during the four years following the execution of the stipulation whereby defendants continued to make the $200 monthly payments without objection. Under the circumstances, the parties acquiesced to the $200 monthly sum as the one to apply throughout the life of the stipulation (see generally, City of New York v New York City Ry. Co., 193 NY 543). Accordingly, upon the defendants’ default, the plaintiff was entitled under the stipulation to enforce the judgment, and the defendants’ motion, insofar as it sought to vacate the income execution, should have been denied. Moreover, as we noted in the prior appeal in this action (184 Misc 2d 577), the lower court in any event exceeded its authority in restraining plaintiff from taking any steps to enforce the judgment.
Aronin, J. P., Golia and Rios, JJ., concur.